Grand larceny in the fourth degree, which requires the taking from the person of the victim, is not a concurrent, inclusory count of robbery in the third degree, which does not contain that element *(see, People v Glover,* 57 NY2d 61, 63; *People v Harris,* 92 AD2d 738). Defendant's reliance upon pre-*Glover* cases is misplaced *(see, People v Jordan,* 148 AD2d 921).

We find that the evidence that defendant leaned into the victim's car, thrust his arm across her chest and pushed down on her right shoulder, forcing her halfway down onto the passenger seat as he removed her purse from her left shoulder, is sufficient to support the conviction for robbery in the third degree *(see, People v Crandall,* 135 AD2d 1084; *cf., People v Davis,* 71 AD2d 607). (Appeal from Judgment of Supreme Court, Oneida County, Gorman, J.—Robbery, 3rd Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.

■ BUFFALO ASBESTOS DISPOSAL CORP., Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Respondent. (Appeal No. 1.) —Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Fallon, J. (Appeal from Judgment of Supreme Court, Erie County, Fallon, J.—Article 78.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.

■ BUFFALO ASBESTOS DISPOSAL CORP., Appellant, v STATE UNIVERSITY CONSTRUCTION FUND, Respondent. (Appeal No. 2.) —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Fallon, J. (Appeal from Order of Supreme Court, Erie County, Fallon, J.—Article 78.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.

■ SOPHIA A. TUCCIARONE, Doing Business as CARRIER CIRCLE ANNEX, Respondent, v AUTOMOBILE CLUB OF SYRACUSE, INC., Appellant.—Order unanimously modified in the exercise of discretion and as modified affirmed without costs, in accordance with the following Memorandum: Plaintiff operated an automobile service station and contracted with defendant to provide towing and related services to defendant's members. Defendant agreed to reimburse plaintiff on a monthly basis. Plaintiff executed a promissory note payable to defendant based upon a loan for plaintiff's purchase of a flatbed truck. Monthly payments on the note were to be deducted by defendant from plaintiff's monthly reimbursement and all monies due became payable upon termination of the road service contract. Defendant terminated the road service contract on February 28, 1990 and refused to pay plaintiff for services